UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22374-BLOOM/Louis

DOUGLAS H. ADACIA,

     Plaintiff,

v.

AVENTURA HOSPITAL, *et al.*,

     Defendant.

_____/

ORDER DENYING MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Douglas H. Adacia's ("Plaintiff") Motion

for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "IFP Motion"). Plaintiff filed this

Action against Defendants Aventura Hospital and unknown staff, the City of Miami, and the City

of Miami-Dade Police Department (collectively referred to as "Defendants") on June 10, 2019.

*See* Compl., ECF No. [1] ("Complaint").[1] For the reasons stated below, the IFP Motion is denied

and this matter is dismissed without prejudice.

---

[1] The instant action is ***one of fourteen*** cases filed by the Plaintiff, who on occasion transposes her
first and last name when initiating lawsuits, within the past 30-days alone. The other cases recently
filed by the Plaintiff include the following:

     (1) *Douglas v. Garcia et al.*, Case No. 19-cv-21993-RNS, filed 5/16/19;
     (2) *Douglas v. McDonalds et al.*, Case No. 19-cv-22035-BB, filed 5/21/19;
     (3) *Douglas v. Social Security Admin.*, Case No. 19-cv-22164-FAM, filed 5/28/19;
     (4) *Douglas v. Mount Sinai Medical Center*, Case No. 19-cv-22280-UU, filed 6/4/19;
     (5) *Douglas v. City of Miami Beach et al.*, Case No. 19-cv-22282-UU, filed 6/4/19;
     (6) *Adacia v. Miami-Dade County et al.*, Case No. 19-cv-22297-KMW, filed 6/4/19;
     (7) *Adacia v. Miami-Dade County et al.*, Case No. 19-cv-22298-FAM filed 6/4/19;
     (8) *Adacia v. Miami Dade County et al.*, Case No. 19-cv-22349-JLK, filed 6/7/19;
     (9) *Adacia v. State of Florida et al.*, 19-cv-22356-DPG, filed 6/7/19;
     (10) *Douglas v. City of Miami Beach et al.*, Case No. 19-cv-22358 filed 6/7/19;

Plaintiff, a *pro se* litigant, has not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable.  Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).  Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted).  This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the

---

(11) *Adacia v. Mia-Dade County et al.*, Case No. 19-cv-22359-JAL, filed 6/7/19;
(12) *Adacia v. Carlos J. Martinez et al.*, Case No. 19-cv-22375-JLK, filed 6/7/19; and
(13) *Adacia v. City of Miami, et al.*, Case No. 19-cv-22376-RNS, filed 6/10/19.

Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

In the Complaint, Plaintiff alleges that while being treated at Defendant Aventura Hospital's mental health ward, the hospital staff shared her private medical information with City of Miami police officers. ECF No. [1], at 4. Plaintiff alleges that Defendant Aventura Hospital and its staff also committed medical malpractice by prematurely discharging the Plaintiff from the hospital prior to her "treatment improving [Plaintiff's] health." *Id.* Upon Plaintiff being discharged from the hospital, Plaintiff claims that Defendant Aventura Hospital and several unidentified staff members conspired and arranged for the City of Miami police officers to have her "unlawfully arrested." *Id.* In the Complaint, Plaintiff attempts to state three claims against the Defendants. These claims include: (1) a claim for violation of the Health Insurance Portability and Accountability Act ("HIPAA"); (2) a claim for medical malpractice; and (3) a claim against the City of Miami Police Department for her "false arrest." *Id.* Plaintiff seeks to recover 10-million dollars in damages from the Defendants.

Upon a careful review of Plaintiff's claims, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted. As for Plaintiff's first claim, presumably against Defendant Aventura Hospital and its staff for an alleged HIPPA violation, this claim cannot proceed because the Eleventh Circuit Court of Appeals has long held that there is no basis for jurisdiction of *a private action* under HIPPA. *See Sneed v. Pan American Hosp.*, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action.")); *see also Bradley v. Pfizer, Inc.*, 440 Fed. Appx. 805, 809 (11th Cir. 2011) (relying on Fifth Circuit decision in holding for first time that "there is no private right of action for a violation of HIPAA's

confidentiality provisions").

As for Plaintiff's second claim, for medical malpractice, Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff has failed to allege that she has complied with the conditions precedent to bringing a medical malpractice claim under Florida law. "The statutory framework governing [Florida] medical malpractice actions is both uncommonly complex and unique among other Florida statutory schemes.... Stringent presuit investigatory requirements are the hallmarks of this framework." *Musculoskeletal Inst. Chartered v. Parham*, 745 So. 2d 946, 948 (Fla. 1999). Under Florida law, a prospective medical malpractice plaintiff must conduct a pre-suit investigation to ascertain whether medical malpractice occurred and obtain a "verified written medical expert opinion" providing "[c]orroboration of reasonable grounds to initiate medical negligence litigation[.]" Fla. Stat. § 766.203(2). The plaintiff must then serve a notice of intent to initiate litigation on any prospective defendants as follows:

> After completion of presuit investigation pursuant to s. 766.203(2) and prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence. Notice to each prospective defendant must include, if available, a list of all known health care providers seen by the claimant for the injuries complained of subsequent to the alleged act of negligence, all known health care providers during the 2-year period prior to the alleged act of negligence who treated or evaluated the claimant, copies of all of the medical records relied upon by the expert in signing the affidavit, and the executed authorization form provided in s. 766.1065.

Fla. Stat. § 766.106(2)(a). "The presuit investigation requirements are not jurisdictional but rather are conditions precedent to the bringing of a medical malpractice action." *Clark v. Sarasota Cty. Pub. Hosp. Bd.*, 65 F. Supp. 2d 1308, 1310 (M.D. Fla. 1998) aff'd sub nom. Clark v. Sarasota Cty. Pub. Hosp., 190 F.3d 541 (11th Cir. 1999); *see, e.g., Mangin v. Robertson*, No. 6:07CV1649-ORL-18KRS, 2008 WL 2522576, at \*2 (M.D. Fla. June 24, 2008) ("Plaintiff has made no allegation regarding compliance with Chapter 766 of the Florida Statutes, and has failed to satisfy the state-

imposed conditions precedent to filing a complaint for medical malpractice. Accordingly, the Court dismisses Plaintiff's claims against Robertson and the Hospital.").   Here, Plaintiff has failed to state a claim for medical malpractice because the Complaint fails to allege compliance with the presuit notice requirements for bringing such a claim under Florida law.

As for Plaintiff's last claim that she was unlawfully arrested and detained by the City of Miami Police Department, Plaintiff has failed to state a claim because the Complaint is completely devoid of any supporting factual allegations.   Indeed, Plaintiff's Complaint merely states, in conclusory fashion, that she was "unlawfully arrested" upon being discharged from the hospital's care.  ECF No. [1], at 4.  Beyond her conclusory allegations, Plaintiff fails to provide any factual support surrounding the circumstances of her alleged unlawful arrest.  "In civil rights [cases] . . . courts have recognized that more than mere conclusory notice pleading is required. . . [and] it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).  In short, the Complaint does not contain sufficient factual allegations to state a claim to relief.

Accordingly, Plaintiffs' Complaint must be dismissed because it fails to state a claim upon which relief can be granted and it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's IFP Motion, **ECF No. [3],** is **DENIED.**

2.  The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

3.  The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on June 12, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Douglas H. Adacia
1603 NW 7th Avenue
Miami, FL 33136